USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

Edwin Saiteros Nole,

Plaintiff,

7:24-cv-06486-NSR-VR

**OPINION & ORDER**

-against-

Demaria's Hemlock Hill Farm LLC, et al.,

Defendants.

---------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

Before the Court is a motion for attorneys' fees by Plaintiff associated with discovery violations by Defendants. (ECF No. 74).[1] Defendants oppose the motion. (ECF No. 77). For the reasons below, the motion is **GRANTED**.

## BACKGROUND

On August 28, 2024, Plaintiff Edwin Saiteros Nole commenced this action under the Fair Labor Standards Act and New York Labor Law seeking to recover unpaid wages and unpaid overtime compensation from his employment as a butcher with Defendants. (ECF No. 1). The Court entered a Case Management Plan on January 17, 2025, which set an ultimate discovery deadline of May 15, 2025. (ECF No. 15). At the parties' request, the Court extended this deadline to June 20, 2025, and then to August 15, 2025. (ECF Nos. 29, 32).

[1] All page numbers to documents filed on ECF refer to ECF pagination, printed in blue on the top of each page.

On August 15, 2025, Plaintiff submitted a pre-motion letter seeking to compel the depositions of individual Defendants John N. DeMaria and Laura Demaria. (ECF No. 34). At a discovery conference held on August 27, 2026, the Court discussed the dispute with the parties, who both confirmed that no discovery remained other than the depositions at issue. (ECF No. 39). Accordingly, the Court extended the discovery deadline to October 31, 2025, solely for the purpose of completing the depositions of the individual Defendants. (*Id.*).

On October 30, 2025, the eve of the close of discovery, Defendants' counsel informed the Court that he recently became aware of an "inadvertent oversight": he had overlooked Plaintiff's Requests for Admissions dated July 15, 2025. (ECF No. 48). On October 29, 2025, Defendants responded to the Requests for Admission, which Plaintiff rejected. (*Id.*). Citing "excusable neglect," Defendants sought leave from the Court to serve untimely responses to Plaintiff's Requests for Admissions, as well as leave to serve supplemental documents and identify additional witnesses. (*Id.*).

At a discovery conference held on November 12, 2025, the Court granted Defendants' motion for leave to serve untimely responses to Plaintiff's Requests for Admissions, as well as supplemental documents and witnesses. (ECF No. 57). The Court extended the discovery deadline to January 30, 2026, for the limited purpose of allowing Plaintiff to take additional discovery relating to Defendants' late disclosures. (*Id.*). In an Order dated November 12, 2025, the Court noted: "Given the prejudice to plaintiff from these late disclosures, the Court affords plaintiff the

opportunity to take further discovery, as necessary, to address them. . . . If he wishes, plaintiff may make a motion for reasonable attorneys' fees at the close of discovery relating to the additional time and effort taken to meet defendants' untimely disclosures." (ECF No. 58). The Court also noted that any further discovery violations or continuing delays in the case due to Defendants' conduct may be included in the motion. (*Id.*).

Following the close of discovery, the Court granted Plaintiff's request for leave to move for reasonable attorney's fees. (ECF No. 72). In total, Plaintiff seeks reimbursement of $19,352.10 in attorneys' fees and costs, consisting of $15,950.00 in fees and $3,402.10 in costs. (ECF No. 75 at 6–8). In support of the motion are a declaration by Plaintiff's counsel on his experience and qualifications, and exhibits containing time entries detailing relevant work performed and invoices for depositions. (ECF No. 76). Defendants oppose the motion. (ECF No. 77).

## DISCUSSION

### I. Legal Standard

Under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, the Court may "impose on a party who has failed to obey a discovery order a 'just' sanction." *Chevron Corp. v. Donziger*, 833 F.3d 74, 147 (2d Cir. 2016). Rule 37(b)(2)(C)

provides that "[i]nstead of or in addition to" the sanctions listed in Rule 37(b)(2)(A),[2] "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"Imposing sanctions pursuant to Rule 37 is within the discretion of the district court. . . ." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (internal quotation marks omitted).[3] "Sanctions may be granted against a party under Rule 37(b)(2) if there is noncompliance with an order, notwithstanding a lack of wil[l]fulness or bad faith, although such factors are relevant to the sanction to be imposed for the failure." *Abouelmakarem v. MDNMA Inc.*, No. 21-cv-10625, 2023 WL 3559392, at *6 (S.D.N.Y. May 18, 2023) (alterations and internal quotation marks omitted).[4] But a finding of bad faith or

[2] Such sanctions may include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A).

[3] Consonant with the Court's "wide discretion" in considering sanctions, the Second Circuit has cautioned that "Courts should be sensitive to the impact of sanctions on attorneys," as "[t]hey can be economically punishing, as well as professionally harmful." *Oliveri v. Thompson*, 803 F.2d 1265, 1280 (2d Cir. 1986); *accord Olive Grp. N. Am. LLC v. Afg. Int'l Bank*, No. 21-cv-10836, 2023 WL 2644350, at *7 (S.D.N.Y. Mar. 27, 2023).

[4] *Accord Perez v. Edwards*, No. 20-cv-1359, 2023 WL 5935029, at *3 (S.D.N.Y. Sept. 12, 2023) ("In deciding whether sanctions are merited under Rule 16(f) or 37(b)(2), the Court need not find that the party acted in bad faith. The Court need find only that there is clear and convincing evidence that counsel disregarded a clear and unambiguous scheduling or other pretrial order.") (citation and internal quotation marks omitted).

willfulness is required to impose "severe" Rule 37(b) sanctions, such as dismissal or striking a pleading. *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 450–51 (2d Cir. 2013).[5] On the other end of the spectrum, "[t]he 'mildest' sanction specifically enumerated under Rule 37(b) is an order that the party who violated the discovery order at issue, or the attorney advising that party, be required to reimburse the opposing party for expenses caused by the violation." *Jay v. Spectrum Brands Holdings, Inc.*, No. 13-cv-8137, 2015 WL 6437581, at *12 (S.D.N.Y. Oct. 20, 2015).[6]

When a district court awards attorneys' fees and costs, it has "considerable discretion" in determining the amount of any award. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) [hereinafter *Arbor Hill*]. But the award must be limited to fees and costs caused by the sanctioned party's misconduct; it cannot include fees and costs the injured party would have incurred even absent that misconduct. *See Laba v. JBO Worldwide Supply Pty Ltd*, 20-CV-3443 (AKH) (KHP), 2023 WL 4985290, at *13 (S.D.N.Y. July 19, 2023), *report and recommendation adopted by*, 2024 WL 550252 (S.D.N.Y. Feb. 12, 2024), *aff'd*, 2025 WL 323762 (2d Cir. Jan. 29,

[5] Separate from Rule 37(b), the Court has "inherent power" to impose sanctions, which requires a finding of bad faith, vexatiousness, or wantonness. *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141–42 (2d Cir. 2023); *Int'l Techs. Mktg. v. Verint Sys.*, 991 F.3d 361, 368 (2d Cir. 2021). That said, "[a] court may impose costs as sanctions against an attorney who has 'negligently or recklessly failed to perform his responsibilities as an officer of the court.'" *Google LLC v. Starovikov*, No. 21-cv-10260, 2022 WL 16948296, at *13 (S.D.N.Y. Nov. 15, 2022) (quoting *Int'l Techs. Mktg.*, 991 F.3d at 368 n.5).

[6] *See Cine Forty-Second St. Theatre v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979) (explaining that Rule 37 "provides a spectrum of sanctions" and "[t]he mildest is an order to reimburse the opposing party for expenses caused by the failure to cooperate").

2025). Nor may the award go beyond what is necessary to compensate the injured party for the losses it suffered. *See id.*

## II. Analysis

The Court has already determined that Defendants' discovery violations warranted sanctions and that Plaintiff could seek an award of reasonable attorneys' fees and expenses incurred as a result of those violations. (ECF No. 77-1 at 4; ECF No. 78 at 4).[7] The principal dispute now concerns the reasonableness of the amount requested: $19,352.10. Specifically, Defendants argue that Plaintiff has not established that the fees sought were reasonably incurred and directly attributable to the discovery conduct at issue. (ECF No. 77-1 at 4–8).

The Court calculates the amount of the award by multiplying a reasonable hourly rate by a reasonable number of hours worked, which yields a "presumptively reasonable fee." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) (internal quotation marks and citation omitted). The parties dispute both the reasonableness of the hourly rate and the number of hours billed, so the Court addresses each in turn. Because assessing the hours billed requires determining whether the

[7] Defense counsel asserts that the delay from the untimely disclosures was *de minimis* and did not prejudice Plaintiff in any way. (ECF No. 77 (Decl.) ¶¶ 7, 14). But the Court already recognized that Defendants' untimely disclosures, served on the eve of the close of discovery, prejudiced Plaintiff by depriving Plaintiff of the opportunity to take additional discovery to address the late disclosures. (ECF No. 58). Further, Defendants suggest in passing that the Court's earlier ruling merely permitted Plaintiff to move for attorneys' fees and did not establish that Plaintiff was automatically entitled to an award. (ECF No. 77-1 at 5–6). The Court does not read its prior ruling as leaving open whether Defendants' discovery conduct warranted sanctions. Rather, the motion contemplated by that ruling required Plaintiff to establish the amount of reasonable fees and expenses attributable to the sanctionable conduct. Defendants' arguments likewise concern whether the particular fees requested were reasonably incurred and sufficiently connected to that conduct, which the Court addresses below.

underlying tasks were directly attributable to the sanctioned party's misconduct, the Court will address those interrelated issues together.

**A. Hourly Rate**

A reasonable hourly rate is what a reasonable client would be willing to pay, recognizing that a client prefers to pay no more than necessary to effectively litigate the case. *See Arbor Hill*, 522 F.3d at 189–90 ("The reasonable hourly rate is the rate a paying client would be willing to pay. . . . [A court] should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."). In calculating a reasonable hourly rate, courts treat the hourly rates a law firm actually charges and that clients actually pay as "strong evidence" that the requested rate is reasonable. *Laba*, 2023 WL 4985290, at *14. But any rate calculation must account for "all case-specific variables" and consider "all pertinent factors" like those detailed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[8] *Lilly*, 934 F.3d at 230 (internal quotation marks and citation omitted). Two often-mentioned considerations are "the quality of an attorney's performance" and the prevailing market rate in a given district for similar work performed by attorneys with comparable skill, experience, and reputation. *Bobulinski v. Tarlov*, 24-CV-2349 (JPO), 2025 WL 872178, at *1 (S.D.N.Y. Mar. 20,

[8] In *Johnson*, the Fifth Circuit identified twelve factors that should be considered: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson*, 488 F.2d at 717–19).

2025) (internal quotation marks and citations omitted). Courts also routinely consider the "novelty and complexity" of the legal issues involved, *Lilly*, 934 F.3d at 232, with discovery matters typically yielding lower rates and awards. *See Top Jet Enters., Ltd. v. Kulowiec*, 21-MC-789 (RA) (KHP), 2022 WL 1184245, at *3 (S.D.N.Y. Apr. 21, 2022) (collecting cases where awards reduced because discovery issues involved).

Plaintiff is represented by Joseph Jeziorkowski of the law firm of FJ Law, who requests an hourly rate of $550. (ECF No. 76 (Decl.) ¶ 5). Mr. Jeziorkowski graduated from Chapman University School of Law in 2010 and was a managing partner at the office of Valiant Law since 2020 and then a founding partner of FJ Law in 2026. (*Id.* ¶¶ 1, 3–4). Counsel has over 15 years of experience practicing employment law, a substantial portion of which is prosecuting wage-and-hour matters, including class and collective claims. (*Id.* ¶ 3; ECF No. 75 at 7).

Although Defendants assert that Plaintiff's counsel's hourly rate is unreasonably high, (ECF No. 77 (Decl.) ¶ 14; ECF No. 77-1 at 9), counsel's rate is in line with rates accepted by other courts in this district for attorneys litigating wage-and-hour cases. *See, e.g., Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 658 (S.D.N.Y. 2019) ("[G]iven [counsel]'s vast experience practicing law and in wage-and-hour cases, the Court finds that his $600 hourly rate is reasonable and is consistent with other cases in this district.") (collecting cases); *Silva v. Legend Upper W. LLC.*, 590 F. Supp. 3d 657, 664 (S.D.N.Y. 2022) ("Courts in this district

have determined that fees ranging from $250 to $450 is appropriate for experienced litigators in wage and hour cases.") (collecting cases).

The Court finds counsel's rate to be reasonable under the *Johnson* factors, including the quality of his performance and the prevailing market rate in this district for wage-and-hour cases. Thus, the Court applies a rate of $550 per hour.

**B. <u>Hours Billed Due to the Discovery Misconduct</u>**

"In assessing whether hours were reasonably expended, the relevant issue is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Short v. Manhattan Apartments, Inc.*, 286 F.R.D. 248, 256 (S.D.N.Y. 2012) (internal quotation marks and citation omitted). "In so determining, courts should look at the amount of time spent on each task, and then decide how much of that time was reasonably expended given the scope and complexity of the particular litigation." *Id.* 256–57 (internal quotation marks and citation omitted). For monetary sanctions, the award must be limited to fees and costs caused by the sanctioned party's misconduct and must exclude fees and costs the injured party would have incurred even absent that misconduct. *See Laba*, 2023 WL 4985290, at *13.

Plaintiff's counsel requests fees for twenty-nine hours of work in connection with the additional time and effort necessary to address Defendants' untimely disclosures. (ECF No. 76 ¶ 6). Defendants challenge Plaintiff's hours for two related reasons: first, Plaintiff has failed to establish that the twenty-nine hours of attorney

time was caused by the discovery conduct at issue, as opposed to ordinary litigation activities that Plaintiff would have incurred regardless (ECF No. 77-1 at 7–8), and second, Plaintiff failed to explain why the hours were reasonably necessary to address the late disclosures (*id.* at 8–9).

But Defendants' objections are belied by counsel's contemporaneous billing records, detailing the tasks performed for the hours claimed. (ECF No. 75 at 7; ECF No. 76-1). A careful review of the records reveals that the hours expended by counsel were reasonable and appropriately limited to discovery relating to Defendants' untimely disclosure. (ECF No. 76-1). The hours reflect work involved in addressing Defendants' untimely responses to Plaintiff's Requests for Admissions, as well as late supplemental documents and witnesses, which the Court granted Defendants leave to serve at the November 12, 2025 conference. (*Id.*). The bulk of the hours were expended on the depositions of Defendant Laura DeMaria and two non-party witnesses, whom Defendants belatedly disclosed. (*Id.*).

Thus, the Court finds that counsel's hours were reasonably expended and appropriately confined to additional discovery required to address Defendants' untimely disclosures. The reasonable hourly rate multiplied by the hours reasonably expended yields a "presumptively reasonable fee." *Lilly*, 934 F.3d at 230. Thus, the Court finds Plaintiffs' request for attorneys' fees in the amount of $15,950.00 to be reasonable.

**C. Costs**

Plaintiff also seeks $3,402.10 in deposition costs. (ECF No. 76 ¶). Counsel submitted invoices for the depositions of three individuals, reflecting costs for transcripts, a court reporter, and related expenses. (ECF No. 76-2). The Court grants this request because counsel may recover reasonable and substantiated out-of-pocket expenses. *See, e.g., Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *6 (S.D.N.Y. June 20, 2016) ("Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts. A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient." (citations omitted)).

Accordingly, the Court awards Plaintiff attorneys' fees and costs in the amount of $19,352.10, to be paid jointly and severally by Defendants and their counsel. *See Barbera v. Grailed, LLC, 24-cv-3535 (LJL)*, 2025 WL 1237413, at *4 (S.D.N.Y. July 25, 2025) (making fee award payable jointly and severally because party and counsel bore responsibility for discovery violations).

## CONCLUSION

For the reasons above, Plaintiff's motion for attorneys' fees is **GRANTED**. Plaintiff is awarded attorneys' fees and costs in the amount of $19,352.10, to be paid jointly and severally by Defendants and their counsel within 60 days of this Order.

The Clerk of Court is directed to close the gavel on ECF No. 74.

**SO ORDERED.**

DATED: White Plains, New York
August 17, 2026

VICTORIA REZNIK
United States Magistrate Judge